# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

JIMMY R. HARRAH,

   Plaintiff,

v.               Civil Case No: 7:23-cv-00789

LUTHERAN FAMILY SERVICES OF
VIRGINIA, INC., *d/b/a* ENCIRCLE,

   Defendant.

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

Defendant, Lutheran Family Services of Virginia, Inc., *d/b/a* EnCircle ("EnCircle" or "Defendant"), by counsel, submits this Memorandum in Support of its Motion to Dismiss the Complaint filed by Plaintiff, Jimmy R. Harrah ("Mr. Harrah" or "Plaintiff").

## INTRODUCTION

Plaintiff alleges that EnCircle terminated his employment on October 29, 2021 after he refused to be vaccinated against COVID-19. He claims that he refused to receive the COVID-19 vaccine due to his sincerely held religious beliefs, that EnCircle refused to accommodate him and that EnCircle terminated him in violation of Title VII. As set forth below, Plaintiff has not—and cannot—allege facts sufficient to state a claim for religious discrimination under Title VII. Furthermore, as discussed herein, several federal courts have recently analyzed virtually identical factual allegations in the context of a 12(b)(6) motion and granted the employers' motions concluding that the alleged beliefs are not "religious in nature."

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarrantano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The mere theoretical possibility of relief is not sufficient. Plausibility requires factual allegations sufficient to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The sufficiency of a complaint must be tested according to two principles. First, while a court must accept all factual allegations as true, legal conclusions are not entitled to the assumption of truth. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Second, the court must determine whether the complaint states a plausible claim for relief. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558; *See also Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *Wailes v. DeJoy*, Civil Action No. 7:22-cv-12, 2023 U.S. Dist. LEXIS 53930, at *7 (W.D. Va. Mar. 29, 2023) (Ballou, R.).

9546/57/11698995v6

## FACTUAL ALLEGATIONS

EnCircle operates schools, group homes, and programs for disabled persons throughout the Commonwealth of Virginia. Compl. ¶ 1. Plaintiff worked for EnCircle as a maintenance employee. *Id.* ¶ 2. His responsibilities were always centered on providing maintenance services at each of EnCircle's various facilities. *Id.* ¶ 17.

On September 20, 2021, EnCircle announced that it would be implementing a vaccine mandate and that all employees were required to be fully vaccinated against COVID-19 by November 1, 2021. *Id.* ¶¶ 19, 23-24. EnCircle also informed its employees that they could request an exemption from its vaccinate mandate for medical or religious reasons. *Id.* ¶ 25.

EnCircle employees who sought a religious exemption were provided "Request for Religious Exemption for COVID-19 Vaccine" Forms ("exemption request form"). *Id.* On September 28, 2021, Plaintiff submitted his form to EnCircle seeking an exemption from the vaccine mandate.[1] *Id.* ¶ 27. Plainitff contended that that he was requesting the religious exemption because he doesn't "believe in fetus tissue in [] [him]" and "do[es] not like shots." Ex. 1. When prompted to describe the sincerely held religious beliefs that guided his objections, Plaintiff stated that he "believe[s] in all natural healing and care" and "do[es] not believe in

---

[1] Plaintiff's exemption request form is attached to this Memorandum as Exhibit A and is properly before the Court. It is well settled that "[f]ederal courts may consider documents incorporated into a complaint by reference without converting a Rule 12(b)(6) motion into a motion for summary judgment." *Friend v. Astrazeneca Pharm. LP*, No. SAG-22-03308, 2023 U.S. Dist. LEXIS 83749, at *6 (D. Md. May 11, 2023) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *See also Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). "Specifically, the Court may consider documents attached to motions to dismiss as long as they are 'integral to the complaint and authentic.'" *Id.* (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

3

medications/vaccinations." *Id.* Plaintiff also stated that he was "opposed to vaccines that have not been tested thoroughly for long periods of time and are not yet guaranteed." *Id.*

EnCircle reviewed and ultimately denied Plaintiff's exemption request. Compl. ¶ 30. Following the denial of his exemption request, Plaintiff still refused to be vaccinated. *Id.* ¶ 31. On October 29, 2021, Plaintiff's employment was terminated for failure to comply with EnCircle's COVID-19 vaccine mandate. *Id.* ¶ 32.

In his Complaint, Plaintiff alleges that when the COVID-19 vaccines were released for persons in the United States to receive, he began to research the vaccines. *Id.* ¶ 19. He alleges that he had several objections which arose from his sincerely held beliefs of the Christian religion. *Id.* ¶ 20. He then set forth these allegations in support of his sincerely held religious beliefs:

21. He objected to injecting a substance into his body that he deemed experimental, the long-term effects of which were unknown, and that may cause harm to his body.

22. He objected to injecting into his body a substance that contained and/or was made and/or tested using tissue from aborted children, *i.e.*, aborted fetal tissue.

*Id.* ¶¶ 21-22.

## ARGUMENT

### I. Plaintiff Fails to State a Claim of Religious Discrimination under Title VII.

Title VII makes it unlawful for an employer to discriminate against an employee based on the employee's religion. 42 U.S.C. § 2000e-2(a)(1). This includes "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). As such, it is unlawful "for an employer not to make reasonable accommodations, short

4

of undue hardship, for the religious practices of his employees and prospective employees" under Title VII. *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 74 (1977).

To establish a Title VII religious discrimination claim under a failure to accommodate theory, a plaintiff must show that "(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; [and] (3) he or she was disciplined for failure to comply with the conflicting employment requirement." *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1019 (4th Cir. 1996) (quoting *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985)).

When determining whether a plaintiff has a bona fide religious belief, the court is not to inquire into the validity or plausibility of the plaintiff's purported religious belief. *Fallon v. Mercy Catholic Med. Ctr.*, 877 F.3d 487, 490 (3d Cir. 2017) (citing *United States v. Seeger*, 380 U.S. 163, 185 (1965)). Rather, the court's inquiry is limited to determining whether the plaintiff's purported belief is sincerely held and religious in nature. *Welsh v. United States*, 398 U.S. 333, 339 (1970) (quoting *Seeger*, 380 U.S. at 185).

To determine whether an employee's beliefs are religious in nature, courts consider "whether the beliefs in question (1) 'address fundamental and ultimate questions having to do with deep and imponderable matters,' (2) are 'comprehensive in nature,' and (3) 'are accompanied by certain formal and external signs.'" *Ellison v. Inova Health Care Servs.*, No. 1:23-cv-00132 (MSN/LRV), 2023 U.S. Dist. LEXIS 164824, at *10 (E.D. Va. Sep. 14, 2023) (quoting *Africa v. Pennsylvania*, 662 F.2d 1025, 1032 (3d Cir. 1981)).[2] In cases involving

---

[2] The Fourth Circuit has "cited with approval" the three factors adopted by the United States Court of Appeals for the Third Circuit in *Africa* to determine whether an employee's belief was religious in nature. *See Versatile v. Johnson*, Civil Action No. 3:09CV120, 2011 U.S. Dist. LEXIS 124541, at *14 (E.D. Va. Oct. 26, 2011).

5

objections to receiving vaccines, "it is not sufficient merely to hold a 'sincere opposition to vaccination'; rather, the individual must show that the 'opposition to vaccination is a religious belief.'" *Brown v. Children's Hosp. of Phila.*, 794 F. App'x 226, 227 (3d Cir. 2020) (quoting *Fallon*, 877 F.3d at 490).

Several federal courts have recently analyzed this issue and have held that allegations similar to those set forth in Plaintiff's Complaint are insufficient to survive a motion to dismiss. For example, in *Ellison v. Inova Health Care Servs.*, the Eastern District of Virginia dismissed the religious discrimination claims of several plaintiffs finding that they failed to link their objections to a sincerely held religious belief. 2023 U.S. Dist. LEXIS 164824, at *10. Plaintiff Graham alleged that she objected to the COVID-19 vaccines because she had religious objections to abortion, and to receiving vaccines that were developed using fetal cell lines or materials otherwise derived from abortion. *Id.* at *16. The court held her religious discrimination claim insufficient, however, because she had failed to provide information concerning the nature of her subjective religious beliefs and how those beliefs were connected to her objection to the COVID-19 vaccine. *Id.*

Similarly, in *Kiel v. Mayo Clinic Health Sys. Se. Minn.*, one of the plaintiff's requested an exemption from his employer's COVID-19 vaccine mandate claiming that it violated his "religious beliefs and conscience because the vaccines 'were produced with or tested with fetal cell lines,' and '[u]sing the fetal cells in the development of [the vaccine], knowing about it, is against [his] religion.'" No. 22-1319 (JRT/ECW), 2023 U.S. Dist. LEXIS 135595, at *11 (D. Minn. Aug. 4, 2023). He also claimed that "he 'did research on the vaccines' and God told him the vaccines contained 'altering stuff,'" and if he were to get the vaccine, he would be 'putting in something that is unknown into his body.'" *Id.* at *25-26. The court concluded these allegations

6

were insufficient to survive a motion to dismiss because his "statements about the safety of the vaccine highly suggest that his alleged opposition to the vaccine is a medical decision and safety judgment, not a religious belief." *Id.* at *26.

In *Winans v. Cox Auto., Inc.*, the plaintiff objected to his employer's COVID-19 vaccine mandate due to his belief that the vaccine subjected him to an increased risk of adverse side effects and "was developed and produced with the use of fetal cell lines derived from aborted fetuses." No. 22-3826, 2023 U.S. Dist. LEXIS 66444, at *3 (E.D. Pa. Apr. 17, 2023). The court concluded that the plaintiff's concerns about adverse side effects were "purely scientific, personal, and medical objections to the vaccine." *Id.* at *11. The court also determined that the plaintiff had failed to sufficiently connect his anti-abortion beliefs to his religion as he "merely assert[ed] that fetal cell lines were, in fact, used" and failed to "identify why [he] object[ed] to the use." *Id.* at *12. Consequently, the court dismissed the plaintiff's religious discrimination claim for failing "to adequately allege that he ha[d] a sincerely held religious belief that could support a claim for relief under Title VII." *Id.* at *12-13.

Additionally, in *Foshee v. AstraZeneca Pharm. LP*, the Maryland District Court rejected the reasons two of the plaintiffs provided regarding their objections to the COVID-19 vaccine. No. SAG-23-00894, 2023 U.S. Dist. LEXIS 185848, at *15 (D. Md. Oct. 17, 2023). Both plaintiffs similarly asserted "that that they are guided in their important decisions by God or the Holy Spirit, respectively, that they personally do not see the value in and are concerned about the risks associated with the COVID- 19 vaccines, and that they have not felt God or the Holy Spirit calling them to disregard their consciences and get the vaccine." *Id.* at *10. In rejecting this reasoning, the court explained that the plaintiffs had harbored secular reasons with religious reasons they object to receiving the vaccine, thereby inextricably intertwining the reasons "in a

7

way that dilutes the religious nature." As such, the court dismissed the plaintiffs' claims because it could not allow a claim to proceed when a plaintiff essentially sought a "type of unverifiable 'blanket privilege' that courts cannot permit to be couched as religious in nature." *Id.* at \*14.

There are also several other analogous cases where federal courts have dismissed such claims. *See Aliano v. Twp. of Maplewood*, Civil Action No. 22-cv-5598 (ES) (AME), 2023 U.S. Dist. LEXIS 116652, at \*29-31 (D.N.J. July 7, 2023) (finding that one of the plaintiffs failed to provide sufficient connection between his objection to the COVID-19 vaccines and his subjective religious beliefs where he claimed that "using aborted fetal cells and/or aborted fetal cell lines" was "in direct conflict with [his] religious beliefs" but "did not provide any additional information regarding the nature of his beliefs as a Roman Catholic, including how receiving the COVID-19 vaccine would violate those beliefs"); *Wilson v. Bayhealth Med. Ctr., Inc.*, Civil Action No. 22-1550-RGA, 2024 U.S. Dist. LEXIS 16786, at \*15-16 (D. Del. Jan. 31, 2024) (holding that the plaintiff's single conclusory statement declaring that her religion does not believe in abortion fails to provide a sufficient connection between her objection to the COVID-19 vaccine and her subjective religious beliefs); *Jackson v. Tyson Foods, Inc.*, No. 5:23-CV-5102, 2023 U.S. Dist. LEXIS 232260, at \*18 (W.D. Ark. Nov. 27, 2023) (holding that Jenkins failed to state a plausible claim for relief under Title VII because, among other reasons, he failed to tie his anti-abortion beliefs to any signs of religion or connect his objections to the vaccine to a particularized religious belief).

In the instant case, Plaintiff's Title VII religious discrimination claim is based on the information and explanations he provided in the exemption request form he submitted to EnCircle. In the Complaint, Plaintiff alleges that he "completed the exemption request form and submitted it to Lutheran" and that "Lutheran knew, and assumed/accepted, that Harrah objected

8

to receiving the vaccine due to sincerely held religious beliefs." Compl. ¶¶ 27, 29. Simply put, Plaintiff's statements, as set forth in the exemption request form he submitted, reveal that his request was based on his moral, scientific, and personal concerns as opposed to any legitimate, sincerely held religious beliefs. *See* Ex. 1.

Specifically, in his request form, Plaintiff claimed that he was requesting a religious exemption because he doesn't "believe in fetus tissue in [him]," doesn't "believe in medications/vaccinations," and "believe[s] in all natural healing and care." *Id.* Plaintiff also asserted that he is "opposed to vaccines that have not been tested thoroughly for long periods of time and are not yet guaranteed." *Id.* The reality is that Plaintiff's objections to the COVID-19 vaccine are personal and independent, and are insufficient to support a religious discrimination claim.

The conclusory allegations in Plainitff's Complaint are similarly based on secular considerations and do nothing to support the purported legitimacy of his request for a religious exemption from EnCircle's COVID-19 vaccine mandate. In the Complaint, Plaintiff alleges that "he had several objections to receiving the vaccine, all of which arose from his sincerely held beliefs of the Christian religion." Compl. ¶ 20. Plaintiff specifically states that he objects to injecting a substance into his body that "he deemed experimental, the long-term effects of which were unknown, and that may cause harm to his body," and "contained and/or was made and/or tested using tissue from aborted children, i.e., aborted fetal tissue" *Id.* ¶¶ 21-22.

As in the cases discussed above, "[t]hese conclusory statements fail to provide a sufficient connection between [Plaintiff's] objection[s] to the COVID-19 vaccine[] . . . and [his] subjective religious beliefs." *Aliano*, 2023 U.S. Dist. LEXIS 116652, at *30. Accordingly, courts routinely grant motions to dismiss unless a plaintiff "provide[s] information concerning the

9

religious nature of his own belief and how his objection to the COVID-19 vaccine is connected to that belief." *Id.* at *31; *Blackwell v. Lehigh Valley Health Network*, No. 5:22-03360, 2023 U.S. Dist. LEXIS 10747, 2023 WL 362392, at * 8 (E.D. Pa. Jan. 23, 2023) (dismissing the plaintiff's claims because the plaintiff had "fail[ed] to plead any additional information about the religious nature of her beliefs" beyond identifying an organized religion she belonged to and claiming her objection arose from that organized religion). Plaintiff has failed to do so here.

Aside from alleging that his objections to receiving the COVID-19 vaccine "arose from his sincerely held beliefs of the Christian religion," Plaintiff fails to provide any information regarding the nature of his religious beliefs and how receiving the COVID-19 vaccine would violate those beliefs. Compl. ¶ 20. In other words, he has not sufficiently explained his subjective religious beliefs, how his beliefs arise from his religion or belief system, or how his beliefs relate to his objections to the COVID-19 vaccine. *Aliano*, 2023 U.S. Dist. LEXIS 116652, at *34. For these reasons, Plaintiff fails to plausibly allege that his objections to receiving the COVID-19 vaccine were based on his sincerely held religious beliefs.

The decisions in *Winans*, *Kiel*, and *Ellison*, as well as the other cases referenced above, demonstrate that Plaintiff's nearly identical expression of his own objections to the COVID-19 vaccine are insufficient to maintain a religious discrimination claim. Plaintiff's objection to injecting a substance into his body that "he deemed experimental, the long-term effects of which were unknown, and that may cause harm to his body" is predicated on his concerns about safety of the vaccine, the potential harm of the vaccine, and the vaccine's development. Compl. ¶ 21. These concerns are based on scientific, moral, and personal beliefs as opposed to religious beliefs, and do not "address fundamental and ultimate questions having to do with deep and imponderable matters." *Fallon*, 877 F.3d at 492. Although Plaintiff's beliefs about the

10

development, safety, and possible side effects of the COVID-19 vaccine may be sincerely held, these beliefs cannot be considered religious in nature and are, thus, insufficient to plead a religious discrimination claim.

Plaintiff also objects to the use of the COVID-19 vaccine because he claims the vaccine "contained and/or was made and/or tested using tissue from aborted children, i.e., aborted fetal tissue." Compl. ¶ 22. He fails, however, to sufficiently link his objection to receive a vaccine containing or derived from aborted fetal cells and his purported religious beliefs. Similar to his objection concerning the development, safety, and possible side effects of the COVID-19 vaccine, Plaintiff fails to articulate or "actually tie [his] anti-abortion beliefs to any 'formal and external signs or religion'" or link his "opposition to the vaccine to any particularized religious belief." *Kiel*, 2023 U.S. Dist. LEXIS 135595, at *22 (quoting *Africa*, 662 F.2d at 1032). In fact, Plaintiff does not even allege he objects to abortion, let alone that he objections to abortion on religious grounds. Without more, this is merely an isolated moral objection and is insufficient to state a sincerely held religious belief.

In sum, Plaintiff has failed to state a facially plausible claim for relief under Title VII. As a result, his religious discrimination claim must be dismissed.

## II. Allowing Plaintiff to Amend His Complaint Would be Futile.

This Court should also dismiss the Complaint with prejudice. Rule 15 of the Federal Rules of Civil Procedure governs amendment of complaints, and "instructs courts to 'freely give' parties leave to file amended pleadings." *LifeWise Family Fin. Sec. v. Holden (In re Triangle Capital Corp. Sec. Litig.)*, 988 F.3d 743, 750 (4th Cir. 2021) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)); Fed. R. Civ. P. 15(a)(2). However, the Fourth Circuit has "made clear that district courts are free to deny leave to amend as futile if the complaint fails to

11

withstand Rule 12(b)(6) scrutiny." *Id.*; *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

In this case, providing Plaintiff leave to amend his Complaint would be futile. Plaintiff should not be permitted to retroactively embellish the information he provided in the form; he should be barred from asserting new or expanded beliefs that he did not assert as part of his request for a religious exemption. *See Aliano*, 2023 U.S. Dist. LEXIS 116652, at *34-35 (dismissing three plaintiffs' Title VII religious discrimination claims *with prejudice* because they could not "retroactively expand the factual basis behind their claim of a sincerely held religious belief, because [d]efendants' denial of their request was based on the language of their exemption/accommodation request letters."); *Fallon*, 877 F.3d at 488-489 (affirming denial of leave to amend as no amendment to plaintiff's complaint would cure the fundamental deficiencies); *Berna v. Bayhealth Med. Ctr., Inc.*, Civil Action No. 23-945-RGA, 2024 U.S. Dist. LEXIS 19469, at *17-18 (D. Del. Feb. 5, 2024) (dismissing plaintiff's Title VII religious discrimination claim *with prejudice* because her complaint did not plausibly allege that her objection to receiving the COVID-19 vaccine was based on a sincerely held religious belief).

## CONCLUSION

For the foregoing reasons, EnCircle respectfully requests that this Court grant its Motion to Dismiss and enter an order dismissing Plainitff's Complaint with prejudice.

LUTHERAN FAMILY SERVICES OF
VIRGINIA, INC. *d/b/a* ENCIRCLE

 /s/ Harrison E. Richards
Todd A. Leeson (VSB No. 30293)
Harrison E. Richards (VSB No. 94960)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, Virginia 24022-0013
Tele: (540) 983-9300
Fax: (540) 983-9400
leeson@gentrylocke.com
hrichards@gentrylocke.com

*Counsel for Lutheran Family Services of Virginia, Inc., d/b/a EnCircle*

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which provides an electronic copy to all counsel of record.

 /s/ Harrison E. Richards
*Counsel for Lutheran Family Services of Virginia, Inc., d/b/a EnCircle*

13

9546/57/11698995v6