CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
March 31, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JIMMY R. HARRAH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:23-cv-789 |
| v. ) | |
| ) | |
| **LUTHERAN FAMILY SERVICES OF** ) | |
| **VIRGINIA, INC.,** ) | By: Hon. Robert S. Ballou |
| ) | United States District Judge |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Lutheran Family Services of Virginia, Inc. filed a motion to dismiss Plaintiff Jimmy R. Harrah's complaint alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964. Before Lutheran Family Services' motion to dismiss was resolved, Harrah requested leave to file a proposed amended complaint (Dkt. 26), which if allowed would moot the pending motion to dismiss. Magistrate Judge C. Kailani Memmer filed a report and recommendation on November 15, 2024, recommending that I deny Plaintiff leave to amend his complaint. The Parties[1] filed their objections to the report and recommendation and the matter is now ripe for consideration. Dkts. 33, 34. I overrule Lutheran Family Services' objections and sustain Harrah's objections to the magistrate judge's report and recommendation, which I **ADOPT** in part. However, I **REJECT** the report's futility analysis. Accordingly, I **GRANT** Harrah's motion for leave to file an amended complaint. Because Harrah's amendment is permitted, Lutheran Family Services' motion to dismiss is **MOOT**.

---

[1] Harrah's objections are untimely. Nevertheless, I will consider them in reviewing Judge Memmer's report and recommendation.

## I.  PROCEDURAL BACKGROUND

On December 6, 2024, Harrah filed a Title VII religious discrimination claim alleging Lutheran Family Services failed to accommodate his sincerely held religious beliefs and unlawfully terminated his employment when he refused to receive the Covid-19 vaccine under the Company's policy. Lutheran Family Services moved to dismiss the Complaint with prejudice, arguing Harrah failed to plead sufficient facts to state a claim. The Court held a hearing on the motion to dismiss on May 20, 2024. Before the Court ruled on the motion, Harrah sought leave to amend his complaint and submitted a proposed amended complaint. Judge Memmer then issued a report and recommendation, advising the Court to deny Harrah's request without prejudice on futility grounds. Both Harrah and Lutheran Family Services filed objections to the report and recommendation. In the intervening period since the magistrate judge's report and recommendation, the Fourth Circuit has ruled on a similar religious accommodation request regarding an employer's Covid-19 vaccine requirement, suggesting that the religious nature of an employee's beliefs should not be closely scrutinized at the motion to dismiss stage.

Both Lutheran Family Services' motion to dismiss and Harrah's motion to amend are now ripe for review. Harrah's proposed amended complaint does not introduce new claims or remedies but only supplements the factual allegations supporting his existing causes of action. Because I conclude that Harrah's proposed amendment is not futile, then I will grant his motion to amend, rendering moot Lutheran Family Services' motion to dismiss.

## II.  FACTUAL BACKGROUND

Harrah began working for Lutheran Family Services in 2005, providing maintenance services for its various facilities. Dkt. 1 ¶ 2. When the Covid-19 pandemic started in 2020, Harrah continued to perform his maintenance duties, wearing a mask and/or otherwise

complying with the directives and policies Lutheran Family Services put in place to minimize the spread of the virus. *Id.* ¶¶ 15-18. Following the approval and release of the Covid-19 vaccines, Lutheran Family Services encouraged its employees to receive the vaccine, offering additional compensation to employees who got vaccinated. *Id.* ¶ 23. Eventually, Lutheran Family Services implemented a vaccination mandate; requiring all employees to be vaccinated for Covid-19, but it offered a religious exemption for those employees who completed and submitted an exemption request form for consideration. *Id.* ¶ 25. Lutheran Family Services informed its employees that if they did not receive an exemption and refused to be vaccinated for Covid-19 then their employment would be terminated. *Id.* ¶ 24.

Harrah completed the religious exemption request form[2] and submitted it to Lutheran on September 28, 2021. Dkt. 8-1. The following language was provided at the top of the form:

> I am requesting a religious exemption from [Lutheran Family Services'] Covid-19 vaccination requirement. I understand that this exemption is solely for sincerely held religious beliefs and not political, social and other personal views. I verify that the information I am submitting to substantiate my request is true and I understand that any falsified information can lead to disciplinary action, up to and including termination of employment. I further understand that [Lutheran Family Services] is not required to provide this exemption accommodation if doing so would create an undue hardship for [Lutheran Family Services]. I understand that, if approved, [Lutheran] will engage with me to determine what measures can be taken to provide reasonable accommodation that would eliminate or reduce the risk that I may pose a direct threat to health and safety at [Lutheran Family Services], and that such measures may include, but not be limited to, continued required Covid-19 testing, masking and social distancing.

*Id.* The form had three questions for the employee to answer:

1. "Explain in your own words why you are requesting this religious exemption." Harrah answered, "I don't believe in fetus tissue in me, and I do not like shots."

---

[2] The Court may consider Harrah's religious exemption request because it is explicitly incorporated by reference in both his Complaint and proposed amended complaint. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

2. Describe your sincerely held religious beliefs that guide your objection to the vaccination." Harrah responded, "I believe in all natural healing and care. I don't believe in medications/vaccinations."

3. "Indicate whether you are opposed to all vaccinations and, if not, the sincerely held religious beliefs that guide your objection to particular vaccinations." Harrah stated, "I am opposed to vaccines that have not been tested thoroughly for long periods of time and are not yet guaranteed."

Dkt. 8-1.

Harrah alleges that "he had several objections to receiving the vaccine, all of which arose from his sincerely held religious beliefs of the Christian religion." Dkt. 1 ¶ 20. Moreover, "[h]e objected to injecting a substance into his body that he deemed experimental, the long-term effects of which were unknown, and that may cause harm to his body," and "[h]e objected to injecting into his body a substance that contained and/or was made and/or tested using tissue from aborted children, *i.e.*, aborted fetal tissue." *Id.* ¶¶ 21–22. Harrah states he "also talked with his immediate supervisor about not wanting to have to take the vaccine and why", and that "Lutheran [Family Services] knew, and assumed/accepted, that Harrah objected to receiving the vaccine due to sincerely held religious beliefs." *Id.* ¶¶ 28-29.

Harrah's request for a religious exemption was denied and he maintained his refusal to be vaccinated against Covid-19. *Id.* ¶ 30. As a result, Lutheran Family Services terminated his employment on October 29, 2021. *Id.* ¶ 32. Harrah contends that Lutheran could have accommodated his beliefs by allowing him to comply with alternative precautions such as weekly testing and wearing personal protective gear. *Id.* ¶ 33.

In his proposed amended complaint (Dkt. 26-1), Harrah asserts additional allegations to bolster his claim. Principally, he explains the specific religious beliefs that inform his objection to the Covid-19 vaccine. *Id.* ¶ 31. He believes in the sanctity of human life, that life begins at conception, and that it is sinful to take a life. *Id.* He further contends that because certain Covid-

4

19 vaccines were developed or tested using aborted fetal cell lines, they are unclean, and receiving the vaccine would be sinful—tantamount to injecting a sin into his body and rendering him complicit in an act that violates his faith. *Id*. Additionally, Harrah asserts that he entrusts his body to God and because he was created in God's image, introducing the Covid-19 vaccine into his body would fundamentally alter what was divinely made. *Id*.

Finally, the proposed amended complaint cites Lutheran Family Services' Position Statement to the U.S. Equal Employment Opportunity Commission, in which it asserts that Harrah's request "does not implicate religion at all." Dkt. 10-1. While Lutheran Family Services then states that it "presumed that [Harrah] had a sincerely held religious belief," it concluded that accommodating his request was not feasible given his employment role and proximity to medically vulnerable clients. *Id*.

### III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that once a responsive pleading is filed, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). Courts should "freely give leave when justice so requires," but leave should be denied when amendment would be futile. *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). An amendment is futile if it would not withstand a motion to dismiss. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), a claim read in a light most favorable to the plaintiff "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, if Judge Memmer correctly found that the proposed amended complaint lacks sufficient factual support to survive dismissal,

then the original complaint—pleaded with even less factual specificity—likewise fails to meet the plausibility standard. Conversely, if I find Harrah's proposed amended complaint presents a plausible Title VII claim, then I must grant his motion to amend, effectively mooting Lutheran Family Services' motion to dismiss.

## IV.     ANALYSIS

When, as here, a matter is referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), the court reviews *de novo* the parts of the report or particular proposed findings or recommendations to which a litigant makes timely objections. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The magistrate judge concludes that Harrah's proposed amended complaint would not survive a Rule 12(b)(6) motion and is therefore futile. Specifically, Judge Memmer finds Harrah fails to establish the necessary nexus between his religious beliefs and his objection to the Covid-19 vaccine, as required under Title VII. His exemption request form lacks any explicit reference to religious doctrine. Further, his assertions that Lutheran Family Services and his immediate supervisor knew his stated objections were religious in nature are conclusory and insufficient to satisfy Title VII's notice requirement. Thus, Judge Memmer determined the proposed amended complaint was insufficiently pled to plausibly allege to that Harrah's accommodation request was based on a sincere religious belief.

Lutheran Family Services' sole objection to the report and recommendation's findings is that Harrah's motion to amend should be denied with prejudice to refuse him a fourth attempt to plead his claims. Dkt. 33. Harrah, in turn, objects on several grounds. He contends the report and recommendation failed to accept his proposed amended complaint's allegations as true and to draw reasonable inferences in his favor. Dkt. 34 at 2. Under this standard, Harrah stresses that:

(1) his allegations plausibly establish that his refusal to receive the Covid-19 vaccine was based on religious beliefs; (2) Lutheran Family Services categorically denied all religious exemption requests; and (3) the report and recommendation should have inferred he explained his religious belief to his supervisor, given their discussion on his desire to not be vaccinated. *Id*. I thus review the Parties' objections to the report and recommendation *de novo*.

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges [of] employment, because of such individual's . . . religion . . . ." 42 U. S. C. § 2000e-2(a)(1). Discrimination "because of . . . religion" means that employers are obligated "to make reasonable accommodations" for employees' religious needs when said accommodations do not cause "undue hardship on the conduct of the employer's business." *See Groff v. DeJoy*, 600 U.S. 447, 456-58 (2023) (citing 29 C.F.R.§ 1605.1).

At the motion to dismiss stage, a Title VII plaintiff must "'allege facts to satisfy the elements of a cause of action created by that statute.'" *Bing v. Brivo Systems, LLC,* 959 F.3d 605, 616 (4th Cir. 2020) (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). "To show a violation of this 'reasonable accommodation' duty . . . an employee must prove that: '(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; [and] (3) he or she was disciplined for failure to comply with the conflicting employment requirement.'" *U.S. Equal Emp. Opportunity Comm'n v. Consol Energy, Inc.*, 860 F.3d 131, 141 (4th Cir. 2017) (citations omitted). The report and recommendation focused on the first two elements of Harrah's Title VII discrimination claim. Harrah contends that, when read in his favor, the proposed

7

amended complaint sufficiently alleges that he refused vaccination due to his religious beliefs and that Lutheran Family Services was aware of this.

Title VII requires courts to determine whether a plaintiff's purported beliefs are "religious" in nature. *See Welsh v. United States*, 398 U.S. 333, 339 (1970) (citing *United States v. Seeger*, 380 U.S. 163, 185 (1965)). The Fourth Circuit recently advised against a rigorous examination of the objective religious nature of a plaintiff's beliefs, overturning a district court's decision to grant a motion to dismiss in a similar case involving an employee's request for a religious exemption from a Covid-19 vaccine mandate. *See Barnett v. Inova Health Care Servs.*, 125 F.4th 465 (4th Cir. 2025). There, it cited a Second Circuit opinion, stating that inquiry into the religiosity of a plaintiff's beliefs,

> "limit[s] the factfinder's inquiry to a determination whether 'the beliefs professed ... are, in the claimant's own scheme of things, religious[.]'" [*Patrick v. LeFevre*, 745 F.2d 153, 157 (2d Cir. 1984)] (referencing [*U.S. v. Seeger*, 380 U.S. 163, 185 (1965)]). Therefore, "it follows ... that the claim of the adherent 'that [her] belief is an essential part of a religious faith must be given great weight.'" *Id*.

*Barnett*, 125 F.4th at 470. Other courts in this district reviewing Title VII failure-to-accommodate claims based on objections to the Covid-19 vaccine are likewise refraining from rigorously scrutinizing the objective religiosity of plaintiffs' beliefs at both the motion to dismiss and summary judgment stages or proceedings. *See e.g. Cox v. Valley Health System*, No. CV EKD 23-00051, 2025 WL 711981, at *5 (W.D. Va. Mar. 5, 2025); *Leonhartt v. MedStar Health, Inc.*, No. 1:23-CV-01211-JRR, 2025 WL 744077, at *9 (D. Md. Mar. 7, 2025); *Davis v. Reliance Test & Tech., LLC*, No. CV DKC 22-1760, 2025 WL 266664, at *6 (D. Md. Jan. 22, 2025).

Viewing the proposed amended complaint in the light most favorable to Harrah and drawing all reasonable inferences in his favor, his allegations are sufficient to allow for

8

further discovery on the issue of whether his objection to the Covid-19 vaccine was based on his sincerely held religious beliefs under the *Barnett/Patrick* test. Undoubtedly, the plaintiffs in *Barnett* and its progeny more clearly articulated the connection between their vaccine objections and their religious beliefs than Harrah did in his September 28, 2021, exemption request.[3] Harrah's request makes no explicit reference to religion, spirituality, or a higher power, nor does it connect his stated beliefs to any specific faith practices. Instead, he asserts that he does not "believe in fetus tissue in me,"[4] does "not like shots," "believe[s] in all natural healing and care," does not "believe in medications/vaccinations," and opposes vaccines that "ha[ve] not been tested thoroughly for long periods of time and are not yet guaranteed." Dkt. 8-1.

However, the proposed amended complaint expands upon the religious basis for Harrah's religious beliefs and alleges that he explained the basis for his objection to his supervisor at Lutheran Family Services. Harrah specifies that he is a Christian who believes that receiving a vaccine developed using aborted fetal cell lines would be sinful

---

[3] *See e.g. Barnett*, 125 F.4th at 471(plaintiff's request for a religious Covid-19 vaccine exemption provided that she was a devout Christian who believed "(1) it would be sinful for her to engage with a product such as the vaccination after having been instructed by God to abstain from it; (2) her religious reasons for declining the covid vaccinations ... were based on her study and understanding of the Bible and personally directed by the true and living God; and (3) receiving the vaccine would be sinning against her body, which is a temple of God, and against God himself."); *Cox*, 2025 WL 711981, at *6 (plaintiff's religious vaccination exemption request referenced her Christianity and noted a belief in a "God-given right" to make decisions regarding her body); *Davis*, 2025 WL 266664, at *6 (plaintiff's accommodation request indicated that he was a "baptized Catholic Christian" and that he must "refuse the use of medical products including certain vaccines and gene therapy, that are produced using human cell lines derived from direct abortions.").

[4] *See similarly Leonhartt*, 2025 WL 744077, at *9 (finding that a plaintiffs' objection to the Covid-19 vaccine arising from her Catholic faith-based objection to fetal cell lines being used to develop the vaccine was a bona fide religious belief).

9

and that the Covid-19 vaccine would also inexorably alter his body which was divinely made by God. Further, Lutheran Family Services acknowledged in its EEOC position statement that it "presumed" Harrah's objection filed on its religious exemption form stemmed from a sincere religious belief. Similarly, at summary judgment, the *Davis* court indicated that plaintiffs who, like Harrah, objected to vaccination on religious grounds but refrained from submitting exemption requests based on an understanding that their employer categorically denied accommodations, could still assert viable Title VII claims. *Davis*, 2025 WL 266664, at *6. While there, the court ultimately granted summary judgment in the employer's favor after concluding that accommodating the requests would impose an undue hardship, the *dicta* supports a finding that Harrah's pleadings are sufficient to go forward. Thus, although the proposed amended complaint offers limited factual support for the religious nature of Harrah's beliefs, recent Fourth Circuit case law supports allowing Harrah the opportunity to develop a factual record to support his Title VII claim.

V. CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

1. Lutheran Family Services' Objections to the report and recommendation, Dkt. 33, are **DENIED**;

2. Harrah's Objections to the report and recommendation, Dkt. 34, are **GRANTED;**

3. The Magistrate Judge's report and recommendation, Dkt. 32, is **ACCEPTED** and **ADOPTED** in part but **REJECTED** on the issue of futility;

4. Harrah's Motion for Leave to File Amended Complaint, Dkt. 26, is **GRANTED**;

5. Lutheran Family Services' Motion to Dismiss, Dkt. 3, is rendered **MOOT**; and

6. Harrah shall file his Amended Complaint within 10 days of the entry of this Opinion.

It is so **ORDERED**.

Entered:  March 31, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge