IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JIMMY R. HARRAH, <br> Plaintiff | ) <br> ) <br> ) |
| v. | ) Civil Action No. 7:23cv789 <br> ) |
| LUTHERAN FAMILY SERVICES OF <br> VIRGINIA, INC., *d/b/a* enCircle, <br> Defendant. | ) <br> ) <br> ) |

**FIRST AMENDED COMPLAINT**

NOW COMES Jimmy R. Harrah, by counsel, and moves for judgment against Lutheran Family Services of Virginia, Inc., *d/b/a* enCircle (*hereinafter*, "Lutheran"), for the reasons and upon the bases set forth herein.

## INTRODUCTION

1. Lutheran owns and operates, *inter alia*, schools, group homes, and programs for disabled persons across the Commonwealth of Virginia.

2. Jimmy R. Harrah had worked for Lutheran (or its predecessor) since 2005 under various titles (*i.e.*, Maintenance Manager and Maintenance Professional) by which he performed maintenance services for various Lutheran facilities until Lutheran terminated his employment on October 29, 2021, for refusing to receive a COVID-19 vaccine due to his sincerely held religious beliefs.

3. Lutheran's termination of Mr. Harrah constitutes religious discrimination and was in violation of Title VII of the Civil Rights Act of 1964 (*i.e.*, Title VII) because he objected to taking the COVID-19 vaccine due to his sincerely held religious beliefs about which Lutheran was aware.

4. Lutheran could have accommodated Mr. Harrah's sincerely held religious beliefs in a manner that was not unduly burdensome to it, but Lutheran refused to do so.

5. This suit seeks damages for Lutheran's failure and refusal to accommodate Mr. Harrah's sincerely held religious beliefs by terminating his employment.

## JURISDICTION AND VENUE

6. The foregoing paragraphs are adopted and re-alleged as if fully set forth herein.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and 42 U.S.C. §§ 2000e-2(a) and 2000e-5(f).

8. Venue is proper in the Roanoke Division of this Court because Lutheran resides in this Division, pursuant to 28 U.S.C. § 1391(b)(1).

9. Mr. Harrah exhausted his administrative remedy by filing a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) within 300 days of Lutheran's violation of Title VII.

10. Harrah has filed this action within 90 days of receiving from the EEOC a Determination and Notice of Rights letter.

## PARTIES

11. The foregoing paragraphs are adopted and re-alleged as if fully set forth herein.

12. Jimmy R. Harrah is an adult of the Christian religion/faith (Baptist), and is a resident of Bedford County, Virginia.

13. Lutheran Family Services, Inc. is incorporated in the Commonwealth of Virginia with a fictitious name registration of "enCircle".

   a. Lutheran's principal office address is located at 2965 Colonnade Drive, Suite 310, Roanoke, Virginia 24018, in the Roanoke Division of this Court.

 b. At all times relevant herein, Lutheran employed at least 201 persons.

 c. Lutheran is an employer for purposes of Title VII of the 1964 Civil Rights Act.

## FACTS

14. The foregoing paragraphs are adopted and re-alleged as if fully set forth herein.

15. Lutheran started when a "Lutheran pastor from Botetourt County, Virginia, [] was committed to providing a place of refuge and safety for orphans." enCircle, *About Us, History*, https://encircleall.org/about-us/history.

16. Lutheran's mission "is to express God's love by providing services and assistance to empower communities, families, and individuals in their journey to well-being." enCircle, *About Us, Our Guiding Principles*, https://www.encircleall.org/guiding-principles.

17. Plaintiff Jimmy Harrah was working for Lutheran when the COVID-19 pandemic struck the world in 2020.

18. In the midst of the pandemic, he faithfully continued to work to ensure the visibility of Lutheran's services to its clientele.

19. During this time, he provided a variety of maintenance services to Lutheran to maintain its facilities, as he had prior to the pandemic.

20. During this time, he wore a mask and/or otherwise complied with Lutheran's directives to minimize the likelihood that he would contract and/or spread the COVID-19 virus.

21. When the COVID-19 vaccines were released for persons in the United States to receive, Mr. Harrah began to research the vaccines and to receive information about them.

22. From what he gleaned about the vaccines, he had several objections to receiving the vaccine, all of which arose from his sincerely held beliefs of the Christian religion.

23. He objected to injecting a substance into his body that he deemed experimental, the long-term effects of which were unknown, and that may cause harm to his body.

24. He objected to injecting into his body a substance that contained and/or was made and/or tested using tissue from aborted children, *i.e.*, aborted fetal tissue.

25. Lutheran encouraged its employees to receive a COVID-19 vaccine, even offering to pay employees if they received the vaccine.

26. However, when the carrot did not work, Lutheran resorted to a stick: it told its employees that if they did not receive a COVID-19 vaccine then they would be resigning their positions.

27. Lutheran offered to employees a Request for Religious Exemption for COVID-19 Vaccine form to complete.

28. However, to Harrah's knowledge, no Lutheran employees were given an exemption from the mandate to receive a COVID-19 vaccine.

29. Harrah completed the exemption request form and submitted it to Lutheran. *See* Harrah's Request for Religious Exemption for COVID-19 Vaccine Form, attached hereto as Exhibit A.

30. Harrah also talked with his immediate supervisor about not wanting to have to take the vaccine and why.

31. Harrah's beliefs, informed by his religion, that led/lead him to object to the COVID-19 vaccine, are as follows:

   a. Harrah believes in the sanctity of human life, that life begins at conception, and that it is a sin to kill a life.

    b. The use of aborted fetuses/fetal cell lines for vaccines renders the vaccines unclean, and that to inject the vaccine into his body would be sinful; he believes that he would be injecting a sin into his body. In other words, partaking in a vaccine from aborted fetuses/fetal cell lines would make him complicit in an action that offends his religious faith.

    c. Harrah entrusts his body to God, whom he believes is his ultimate healer and protector.

    d. Harrah believes that he was made in God's image, and that injecting the COVID-19 vaccine into his body would significantly alter the body made by his Creator.

32. Lutheran knew, and presumed/assumed/accepted, that Harrah objected to receiving the vaccine due to sincerely held religious beliefs and, therefore, should be estopped from defending this action on a defense that Harrah's beliefs were not religious and/or sincerely held.

33. In its position statement filed in the administrative proceeding before the Equal Employment Opportunity Commission, Lutheran stated that it "presumed that [Plaintiff Harrah] had a religious belief that was sincerely held."

34. Despite its founding in 1888 by a Lutheran pastor, Lutheran denied Harrah's request for religious exemption to receive the COVID-19 vaccine.

35. Harrah did not receive the vaccine.

36. Lutheran terminated Harrah's employment effective October 29, 2021, because he did not receive a COVID-19 vaccine.

37. Lutheran could have accommodated Harrah's sincerely held religious beliefs (*e.g.*, weekly testing, wearing personal protective gear, etc.) – he faithfully worked during the

pandemic until his termination without issue, but Lutheran refused to accommodate Harrah's beliefs.

38. As a result of Lutheran's termination, Harrah has suffered loss of wages, other financial harm, loss of benefits, inconvenience, pain, shame, stigma, humiliation, indignity, insult, embarrassment, grief, annoyance, anxiety, distress, and injury to reputation.

### VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT

39. The foregoing paragraphs are adopted and re-alleged as if fully set forth herein.

40. Jimmy Harrah refused to receive the COVID-19 vaccine due to his sincerely held religious beliefs.

41. Lutheran refused to accommodate Harrah's sincerely held religious beliefs.

42. Lutheran could have accommodated Harrah's sincerely held religious beliefs without incurring more than a *de minimis* cost or burden.

43. Lutheran could have accommodated Harrah without undue hardship, but it refused to accommodate his beliefs.

44. Lutheran terminated Harrah's employment for refusing to receive the COVID-19 vaccine.

45. Lutheran's refusal to accommodate Harrah's sincerely held religious beliefs and termination of Harrah's employment violates Title VII of the 1964 Civil Rights Act.

WHEREFORE, Jimmy R. Harrah demands judgment against Lutheran Family Services of Virginia, Inc., *d/b/a* enCircle, for all damages and amounts permitted by law, to include back pay, front pay, and compensatory damages; and for an award of his attorney's fees and his costs incurred to vindicate his rights under Title VII.

## DEMAND FOR TRIAL BY JURY

Plaintiff Jimmy Harrah demands trial by jury.

                    RESPECTFULLY SUBMITTED,
                    JIMMY R. HARRAH

                    */s/ Meghan A. Strickler*
                    Of Counsel

Melvin E. Williams (VSB No. 43305)
   *mel@williamsstrickler.com*
Meghan A. Strickler (VSB No. 88556)
   *meghan@williamsstrickler.com*
WILLIAMS & STRICKLER, PLC
1320 Third Street, SW
Roanoke, Virginia 24016
(540) 266-7800
(540) 206-3857 *facsimile*
   *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of filing to counsel of record.

                    */s/ Meghan A. Strickler*
                    Of Counsel